# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**REBECA ARRIETA and**
**FELIX TABERNERO,**

    **Plaintiffs,**

**v.**                                                    **CASE NO.:**

**MYMAMMA INC.,**

    **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, REBECA ARRIETA ("Ms. Arrieta") and FELIX TABERNERO ("Mr. Tabernero") (collectively, "Plaintiffs"), by and through undersigned counsel, brings this action against Defendant, MYMAMMA INC. ("Defendant"), and in support of their claims state as follows:

## JURISDICTION AND VENUE

1. This is an action for damages for violations under 42 U.S.C. § 1981 ("Section 1981"), the Florida Minimum Wage Act ("FMWA"), Fla. Stat. § 448.110, for unpaid wages under Florida common law, and the Florida Private Whistleblower's Act ("FPWA"), Section 448.102(1) and/or (3), Fla. Stat.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 1981.

3. Venue is proper in Middle District of Florida because all of the events giving rise to these claims occurred in Sarasota County, Florida.

## PARTIES

4. Plaintiffs are married and are residents of Sarasota County, Florida.

5. Defendant operates a company in Sarasota County, Florida.

## GENERAL ALLEGATIONS

6. Plaintiffs are members of a protected class of persons under Section 1981.

7. Plaintiffs are employees whose rights to contract for employment, and enjoy the benefits of employment, are protected under Section 1981.

8. Under Section 1981, Defendant is an employer prohibited from interfering with any employee's contractual right to enjoy the same benefits, privileges, terms, and conditions of employment that all other employees of Defendant otherwise enjoy, regardless of the employee's race and/or color.

9. At all times material hereto, Defendant acted with malice and reckless disregard for Plaintiffs' protected rights under Section 1981.

10. Plaintiffs have satisfied all conditions precedent, or they have been waived.

11. Plaintiffs have hired the undersigned attorneys and agreed to pay them a fee.

12. Plaintiffs request a jury trial for all issues so triable.

## FACTS

13. Plaintiffs began working for Defendant on or around February 24, 2025, as chefs, and they worked in this capacity until on or around March 28, 2025.

### *Section 1981*

14. Plaintiffs are of Argentinian origin.

15. On or around March 28, 2025, Defendant's owner informed Plaintiffs that they were terminated because they were not Italian.

16. Defendant then replaced Plaintiffs with a chef who was of Italian origin.

17. Defendant's failure to comply with Section 1981 constitutes a willful violation, showing reckless disregard for the provisions of Section 1981.

### *FMWA and Unpaid Wages*

18. In exchange for their employment, Defendant agreed to compensate Plaintiffs $2,500 each for the two-week period of time from on or around February 24, 2025, until on or around March 10, 2025.

19. During this period of time from on or around February 24, 2025 until on or around March 10, 2025, Plaintiffs worked roughly thirty (30) to thirty-five (35) hours per week, for a total of around sixty-five (65) hours each.

20. However, during this period of time, Defendant paid Plaintiffs only around five-hundred dollars ($500.00) each.

21. Accordingly, Plaintiffs are owed roughly two-thousand dollars ($2,000.00) each in unpaid wages.

22. Plaintiffs' unpaid two-thousand dollars constitutes "wages" under Florida common law, as well as under Fla. Stat. § 448.08.

23. At all times material hereto, Plaintiffs worked hours at the direction of Defendant and were not paid at least the applicable State of Florida minimum wage for all of the hours that they worked, in accordance with the Florida State Constitution and the FMWA.

24. For the roughly sixty-five (65) hours that Plaintiffs each worked for Defendant from on or around February 24, 2025 until on or around March 10, 2025, Defendant paid Plaintiffs only around five-hundred dollars ($500.00) each, equating to an hourly rate of roughly only seven dollars and sixty nine cents ($7.69).

25. Accordingly, Defendant, as an employer subject to the FMWA, failed to pay Plaintiffs the statutorily mandated minimum wage of thirteen dollars ($13.00) per hour that they worked for Defendant, as required by Fla. Stat. § 448.110.

26. Defendant's failure to comply with the FMWA and Florida common law constitutes a willful violation, showing reckless disregard for the provisions of the FMWA and Florida common law.

### *Florida Private Whistleblower's Act*
### *(on behalf of Mr. Tabernero)*

27. Defendant is a restaurant in Florida and is therefore prohibited from selling "food that is adulterated or misbranded." Section 500.04, Florida Statutes.

28. A food is deemed to be "adulterated" if it is "in whole or in part. . . unfit for food." Section 500.10, Florida Statutes.

29. During Mr. Tabernero's employment, Mr. Tabernero notified Defendant that some of Defendant's salmon had spoiled and even had a rotten scent.

30. In informing Defendant of this, Mr. Tabernero was objecting to Defendant's violation of Section 500.04, Florida Statutes, as Defendant was otherwise intending to sell this "adulterated" salmon to customers.

31. In fact, Defendant ignored Mr. Tabernero's objections and still sold this salmon to a customer, to which Mr. Tabernero objected.

32. A few hours later, Defendant's Chef pushed Ms. Arrieta during an argument.

33. In Florida, the "offense of battery occurs when a person: actually and intentionally touches or strikes another person against the will of the other . . . ."

34. Mr. Tabernero complained to Defendant's owner about this battery against his wife.

35. However, Defendant failed to take any remedial action and simply laughed about this workplace violence.

36. Further, Defendant had a legal obligation to adhere to the Occupational Safety and Health Act of 1970 ("OSHA"), 29 USC 654, which provides the following:

Each employer –

shall furnish to each of his employees employment and a place of employment which are free from recognized hazards that are causing or are likely to cause death or serious physical harm to his employees . . . .

37. In objecting to Defendant's Chef committing battery against his wife, and Defendant permitting this type of dangerous workplace, Mr. Tabernero objected to Defendant's violation of OSHA.

38. In the alternative, in objecting to Defendant's Chef committing battery against his wife, and Defendant permitting this type of dangerous workplace, Mr. Tabernero objected to what he had a good faith, objectively reasonable belief to be Defendant's violation of OSHA.

39. The very next day, Defendant terminated Mr. Tabernero's (and his wife's) employment, in retaliation for Mr. Tabernero having engaged in protected activity under the FPWA.

## COUNT I – FLORIDA MINIMUM WAGE ACT

40. Plaintiffs reallege and readopt the allegations of paragraphs 10 through 13, 18 through 20, and 23 through 26 of this Complaint, as though fully set forth herein.

41. Plaintiffs have exhausted all of their administrative and pre-suit requirements under Fla. Stat. § 448.110. Specifically, Plaintiffs have notified Defendant of the deficiency in their wages in writing. In this written notice, Plaintiffs identified the applicable State minimum wage at issue, provided actual

6

dates and hours or accurate estimates of all of the periods for which minimum wage payment is sought, and listed the total amount of their alleged unpaid wages through the date of the notice.

42. During the statutory period, Defendant did not pay Plaintiffs the applicable Florida minimum wage, as Defendant was required to do under Section 24, Article X of the Florida Constitution as well as the FMWA.

43. As a result of the foregoing, Plaintiffs have suffered damages.

**WHEREFORE**, Plaintiffs demand:

a) A jury trial for all issues so triable;

b) That process issue and that this Court assert jurisdiction over these claims;

c) Judgment against Defendant for an amount equal to Plaintiffs' unpaid wages, computed at a hourly rate equal to the applicable State of Florida minimum wage;

d) Judgment against Defendant, stating that its violations of the FMWA were willful;

e) Liquidated damages in an amount equal to Plaintiffs' unpaid wages, computed at a hourly rate equal to the applicable State of Florida minimum wage;

f) To the extent that liquidated damages are not awarded, an award of prejudgment interest;

g) A declaration that Defendants' practices as to Plaintiffs was unlawful, and a grant of equitable relief to Plaintiffs;

h) All costs and attorneys' fees incurred in prosecuting these claims; and

i) For such further relief as this Court deems just and equitable.

## COUNT II – UNPAID WAGES UNDER FLORIDA COMMON LAW

44. Plaintiffs reallege and readopt the allegations of paragraphs 10 through 13, 18 through 22, and 26 of this Complaint, as though fully set forth herein.

45. During the statutory period, Plaintiffs worked for Defendant, and Defendant agreed to pay Plaintiffs for their services.

46. Defendant failed to pay Plaintiffs all "wages" owed to Plaintiffs, including the unpaid wages of roughly two-thousand dollars ($2,000.00) each for a two-week period in which Plaintiffs worked for Defendant.

47. As a result of the foregoing, Plaintiffs have suffered damages.

***WHEREFORE***, Plaintiffs demand:

a) A jury trial on all issues so triable;

b) That process issue, and that this Court take jurisdiction over the case;

c) Judgment against Defendant for an amount equal to Plaintiffs' unpaid back wages;

d) All costs and attorney's fees incurred in prosecuting these claims, in accordance with Fla. Stat. § 448.08; and

e) For such further relief as this Court deems just.

## COUNT III – 42 U.S.C. § 1981 VIOLATION
### (RACE DISCRIMINATION)

44. Plaintiffs reallege and readopt the allegations of paragraphs 6 through 17 of this Complaint, as though fully set forth herein.

45. Plaintiffs are a member of a protected class of persons under Section 1981.

46. Plaintiffs were subjected to disparate treatment by Defendant, based solely on Plaintiffs' national origin/race.

47. The foregoing actions constitute unlawful discrimination, in violation of Section 1981.

48. Defendant's actions were willful and done with malice.

49. As a direct and proximate result of Defendant's willful and reckless discrimination against Plaintiffs, Plaintiffs have suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

50. Plaintiffs were injured due to Defendant's violations of Section 1981, for which Plaintiffs are entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiffs demand:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) Judgment against Defendant, permanently enjoining Defendant from future violations of Section 1981, and remedying all lost income, raises, promotions, and other benefits of which Plaintiffs were unlawfully deprived;

(d) Compensatory damages, including emotional distress, allowable at law;

(e) Punitive damages;

(f) Reinstatement of Plaintiffs to a position comparable to their prior position, or in the alternative, front pay;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

### COUNT IV – RETALIATION UNDER THE FPWA
### (on behalf of Mr. Tabernero only)

48. Mr. Tabernero realleges and readopts the allegations of paragraphs 10 through 13 and 27 through 39 of this Complaint, as though fully set forth herein.

49. On numerous occasions, Mr. Tabernero opposed Defendant's violation of law, thereby engaging in protected activity under the FPWA.

50. Defendant retaliated against Mr. Tabernero for engaging in protected activity under the FPWA by terminating Mr. Tabernero's (and his wife's) employment.

51. Mr. Tabernero was injured by Defendant's violations of the FPWA, for which he is entitled to legal and injunctive relief.

**WHEREFORE**, Mr. Tabernero demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) Judgment against Defendant in the amount of Mr. Tabernero's lost wages, benefits, and other remuneration;

(d) Any other compensatory damages allowable at law;

(e) All costs, attorney's fees, and reasonable expenses incurred in prosecuting these claims, in accordance with Fla. Stat. §448.104; and

(f) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiffs demand trial by jury as to all issues so triable.

...

Dated this 12th day of March, 2026.

                          Respectfully submitted,

                          */s/ Brandon J. Hill*
                          **BRANDON J. HILL**
                          Florida Bar Number: 37061
                          Direct No.: 813-337-7992
                          **HANNAH E. DEBELLA**
                          Florida Bar Number: 1026002
                          **WENZEL FENTON CABASSA, P.A.**
                          1110 North Florida Avenue, Suite 300
                          Tampa, Florida 33602
                          Main No.: 813-224-0431
                          Facsimile: 813-229-8712
                          Email: bhill@wfclaw.com
                          Email: hdebella@wfclaw.com
                          Email: aketelsen@wfclaw.com